**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 21-40 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles William Dexter, III, | |
| Defendant. | |

Chelsea A. Walcker, Esq., United States Attorney's Office, counsel for Plaintiff.

Deborah K. Ellis, Esq., CJA, counsel for Defendant.

This action came before the Court on April 13, 2022, for a hearing on various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by Defendant pursuant to Fed. R. Crim. P. 12.1, and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi. In addition, the Government seeks notice (by the first hearing on pretrial motions date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or

any other mental condition of Defendant bearing on the issue of guilt. The Government also seeks notice (by the first hearing on pretrial motions date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Finally, the Government seeks pursuant to Fed. R. Crim. P. 26.2 for Defendant to produce all statements in their possession or control of any witness that Defendant calls in connection with the suppression hearing, detention hearing, trial, or sentencing. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 23)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

  **2.**   **Defendant's Motion and Amended Motion For Disclosure of Impeaching and Exculpatory Evidence.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the United States to disclose impeaching information and exculpatory evidence to the defendant. (Doc. Nos. 40, 64.) The Government states that it has already made disclosures to Defendant and that it will continue to full comply with its obligations under *Brady* and *Giglio*. The Government objects to Defendant's motions to the extent that their requests go beyond the requirements of *Brady*, *Giglio*, and

2

their progeny. At the hearing, Defendant withdrew his motion at Doc. No. 40. Therefore, Defendant's motion for Disclosure of Impeaching Information and Exculpatory Evidence at **(Doc. No. 40)** is **WITHDRAWN.** Defendant's motion for Disclosure of Impeaching Information and Exculpatory Evidence at **(Doc. No. 64)** is **GRANTED** to the extent it seeks impeaching information and exculpatory evidence pursuant to *Brady*, *Giglio*, and their progeny. Defendant's motion is **DENIED** to the extent it seek materials that have already been produced or material beyond the requirements of *Brady*, *Giglio*, and their progeny. Within **10 days** of the date of this Order, insofar as the Government has not already done so, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order. The Government must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

  3. **Defendant's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case, and to preserve the evidence seized in the course of their investigation. Defendant does not ask for their disclosure. The Government does not oppose the motion with respect to retention of notes. Accordingly, Defendant's Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 41)** is **GRANTED**. This Order is limited to ordering that rough notes must be preserved but not produced at this time, and that the Government not destroy relevant and actual evidence.

4. **Defendant's Motion for Disclosure of Co-Conspirators' Statements.**

Defendant moves the Court for an order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny, compelling the Government to give notice and disclosure of its intent to use or refer to or introduce evidence at trial any statement or confession of any unindicted co-conspirator, and granting Defendant leave to file motions for suppression and/or motions *in limine*. The Government represents it is aware of its obligations under *Bruton* and its progeny. However, it states that there are no co-defendants in this matter, and it will not be offering statements or confessions of non-testifying co-defendants at trial. Defendant's Motion for Disclosure of Co-Conspirators' Statements **(Doc. No. 42)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent that the motion seeks evidence favorable to Defendant, the statements will be produced pursuant to the Court's Order on various motions seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to Defendant. The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968). The motion is otherwise **DENIED**. The Government is not required to disclose the statements of co-conspirators or witnesses prior to their trial testimony, as such statements are covered by the Jencks Act and beyond the scope of *Bruton*'s rule regarding the statements of non-testifying co-defendants. The Government may make Jencks Act material available to Defendant three days prior to trial as they have agreed to do. Any motions *in limine* shall be filed in accordance with the District Court's pretrial order.

5. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence**.

Defendant moves for the immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). Defendant also moves for the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with Rule 404(b) but objects to Defendant's motion to the extent it seeks "intrinsic" evidence. The Government objects to any immediate disclosure and proposes disclosure 14 days prior to trial. The Government also objects to an order requiring it to identify the witnesses through whom it will present any such evidence. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence **(Doc. No. 43)** is **GRANTED IN PART** and **DENIED IN PART.** The Government must disclose all Rule 404(b) evidence no later than **14 days** prior to trial. The disclosure obligation is limited to information encompassed by Rule 404(b), and the obligation does not include acts that are intrinsic to the charged offense. Further, the Government need not identify the witnesses through whom it will present any such evidence. Witness lists shall be produced consistent with the District Court's pretrial order.

6. **Defendant's Motion for Production of Grand Jury Transcripts.**

Defendant moves under Rules 12(I) and 26.2 of the Federal Rules of Criminal Procedure for production of Grand Jury Transcripts for those witnesses the Government intends to call at the April 13, 2022 motion hearing as well as those witnesses the Government intends to call at trial. As to Defendant's request related to the April 13, 2022 hearing, because the Government did not call any witnesses at the April 13, 2022 hearing, this

request is **DENIED** as moot. As to Defendant's request regarding those witnesses the Government intends to call at trial, because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," this part of Defendant's Motion for Production of Grand Jury Transcripts (**Doc. No. 63**) is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary exchange of Jencks Act material as the Government has represented it would do.

7. **Defendant's Motions to Dismiss for Selective, Discriminatory, and Vindictive Prosecution.** Defendant moves the Court for an order dismissing the Indictment based on selective, discriminatory, and vindictive prosecution. The Government opposes both motions. No further briefing was requested on the issue. Therefore, Defendant's Motions to Dismiss (**Doc. Nos. 44, 65**) were taken under advisement on **April 13, 2022**, and the Court will issue a **Report and Recommendation** to the District Court.

8. **Defendant's Motion for In Camera Review**. Defendant moves the Court for an Order directing that certain confidential documents be produced to this Court for an *in camera* review pursuant to the Minnesota's Data Practice Act. In response, the Government argues it has complied with, and will continue to comply with, its obligations pursuant to *Brady*, *Giglio*, and their progeny. In addition, the Government acknowledges it does not have access to the statutorily protected and confidential juvenile

records requested by Defendant and cannot obtain them without a court order. Because the Government does not possess the requested materials that Defendant seeks, the Government has nothing to provide Defendant. Accordingly, as stated on the record, Defendant's request for an Order directing that certain confidential documents be produced to this Court for an *in camera* review **(Doc. No. 66)** is **DENIED** without prejudice.

9.  **Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizure and For a *Franks* Hearing**. Defendant moves the Court pursuant to Rule 12, Federal Rules of Criminal Procedure, for an order suppressing all evidence seized as a result of unlawful searches and seizure as well as a *Franks* hearing.

As part of his motion, Defendant requests a *Franks* hearing to establish that the affiant to the search warrants provided the reviewing magistrate with a deliberate falsehood or made averments in reckless disregard for the truth. The Government opposes this part of Defendant's motion. At the hearing, the parties requested additional post-hearing briefing on the *Franks* issue. Accordingly, Defendant shall file his post-hearing brief no later than **April 22, 2022**, and the Government shall file its response by **May 6, 2022**.

Defendant also moves to suppress fruits from his arrest which occurred on or about August 14, 2020, and all evidence obtained following searches conducted pursuant to five warrants: (1) an August 14, 2020 search warrant for DNA associated with Defendant; (2) an August 14, 2020 search warrant for Defendant's primary vehicle; (3) an August 15, 2020 search warrant for Defendant's cell phone; (4) an August 19, 2020

search warrant for Defendant's residence and Defendant's additional vehicles; and (5) an August 24, 2020 search warrant for phone records associated with Defendant's cell phone. In addition, Defendant challenges "the no-knock warrant issued for [his] residence" which he argues "lacked a rational basis" and was "improvidently issued." (Doc. No. 39 at 2.) As Defendant confirmed at the hearing, Defendant is seeking a four-corners review of the five warrants. The Government opposes this part of Defendant's motion. The parties request post-hearing briefing on the suppression challenge. Defendant shall file his post-hearing brief no later than **April 22, 2022**, and the Government shall file its response by **May 6, 2022**.

Accordingly, the Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizure and For a *Franks* Hearing **(Doc. No. 39)** as it relates to both the *Franks* and suppression challenge under advisement on **May 6, 2022**, and issue a **Report and Recommendation** to the District Court.

**10.**    As discussed at the hearing, Defendant may file a motion requesting the issuance of a subpoena under Rule 17 as it relates to the documents described in Defendant's Motion for In Camera Review (Doc. No. 66) by or on **April 22, 2022**. The Government must file a response to Defendant's Rule 17 motion by or on **May 6, 2022**.

**11.**    The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by District Judge Susan Richard Nelson.

Date:  April 15, 2022

                    *s/ Becky R. Thorson*
                    BECKY R. THORSON
                    United States Magistrate Judge